# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ENAYOT A. CHOUDHURY,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **No. 1:17-CV-01231** |
| **vs.** | : | |
| | : | **(Judge Rambo)** |
| **MARY SABOL,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

## Background

On July 13, 2017, Petitioner Enayot A. Choudhury filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) at York County Correctional Facility, Pennsylvania. (Doc. No. 1.) On July 19, 2017, the Court issued an Order upon Respondent to show cause why the relief Petitioner requested should not be granted. (Doc. No. 4.)

On August 25, 2017, Respondent filed a suggestion of mootness, providing that immigration officials removed Petitioner from the United States on August 22, 2017. (Doc. No. 9, Ex. C.) Respondent provides that Petitioner's petition for a writ of habeas corpus has been rendered moot by virtue of his removal. (Doc. No. 10.)

**Discussion**

Federal district courts have jurisdiction in cases such as the present matter where the detainee is seeking immediate release on bond pending removal on the grounds that his continued ICE detention is unconstitutional. See Clarke v. Dep't of Homeland Security, No. 4:CV-09-1382, 2009 WL 2475440 (M.D. Pa. Aug. 12, 2009). It is equally well settled that the case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). Throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy … if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488,

495-96 (1974)); see also Gaeta v. Gerlinski, No. 3:CV-02-465, slip op. at p.2

(M.D. Pa. May 17, 2002).  Further, the mootness doctrine is centrally concerned

with the court's ability to grant effective relief: "If developments occur during the

course of adjudication that eliminate a plaintiff's personal stake in the outcome of a

suit or prevent a court from being able to grant the requested relief, the case must

be dismissed as moot."  Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99

(3d Cir. 1996); Lindaastuty v. Att'y Gen. of the U.S., 186 F. App'x 294, 298 (3d

Cir. 2006) (providing that deportation rendered petition challenging post-order

detention moot).

     According to information provided to the Court by Respondent, Petitioner

was removed from the United States by ICE officials on August 22, 2017.  (Doc.

No. 9, Ex. C.)  Since Petitioner has been removed from the United States, under

the principles set forth above, Petitioner's petition for a writ of habeas corpus has

been rendered moot as there is no longer a live case or controversy.  Accordingly,

Petitioner's petition will be dismissed as moot.

## Conclusion

For the foregoing reasons, Petitioner Enayot A. Choudhury's petition for a writ of habeas corpus (Doc. No. 1) will be **DISMISSED as moot**. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 28, 2017